UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Haley M.,[1] | ) C/A No. 9:24-cv-07702-DCC-MHC |
|           Plaintiff, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| v. | ) |
| | ) |
| Frank J. Bisignano,[2] Commissioner of the Social Security Administration, | ) |
| | ) |
|           Defendant. | ) |

Plaintiff Haley M. (Plaintiff) filed the Complaint in this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Administrative Law Judge's (ALJ's) final decision denying her claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under the Social Security Act (Act). This case was referred to the undersigned for a report and recommendation pursuant to Local Civil Rule 73.02(B)(2)(a) (D.S.C.). For the reasons that follow, the undersigned recommends that the ALJ's decision be affirmed.

### I.    BACKGROUND[3]

Plaintiff applied for DIB in December 2020, alleging disability beginning July 5, 2020. R.p. 201. Plaintiff's claim for DIB was denied initially and upon reconsideration, and Plaintiff then requested a hearing before an ALJ. R.pp. 68–86, 89–98, 120–21. Plaintiff also filed for SSI on

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, because of significant privacy concerns in social security cases, federal courts refer to claimants only by their first names and last initials.

[2] Frank Bisignano became the Commissioner of Social Security on May 6, 2025. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 405(g) of the Social Security Act, 42 U.S.C. § 405(g).

[3] Citations to the record refer to the page numbers in the Social Security Administration Record. *See* ECF No. 9.

November 9, 2022. R.p. 214. A hearing, at which Plaintiff, represented by counsel, and a vocational expert (VE) testified, was held virtually on June 13, 2023. R.pp. 38–67. The ALJ thereafter denied Plaintiff's claims in a decision issued on August 8, 2023, finding that Plaintiff was not disabled from the alleged date of onset through the date of the decision. R.pp. 11–25. The Appeals Council denied Plaintiff's request for review on October 31, 2024. R.pp. 1–7.

Because this Court writes primarily for the parties who are familiar with the facts, the Court dispenses with a lengthy recitation of the medical history from the relevant period. To the extent specific records or information are relevant to or at issue in this case, they are addressed within the Discussion section below.

## II.  APPLICABLE LAW

### A. Scope of Review

Jurisdiction of this Court is pursuant to 42 U.S.C. § 405(g). Under this section, judicial review of a final decision regarding disability benefits is limited to determining (1) whether the factual findings are supported by substantial evidence, and (2) whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)). Accordingly, a reviewing court must uphold the final decision when "an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (internal quotation marks omitted).

"Substantial evidence" is an evidentiary standard that is not high: it is "more than a mere scintilla" and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). A reviewing court does not reweigh conflicts in evidence, make credibility determinations, or substitute its judgment for that

of the ALJ. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Id*. (alteration in original) (internal quotation marks and citation omitted). However, this limited review does not mean the findings of an ALJ are to be mechanically accepted, as the "statutorily granted review contemplates more than an uncritical rubber stamping of the administrative action." *Howard v. Saul*, 408 F. Supp. 3d 721, 725–26 (D.S.C. 2019) (quoting *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969)).

### B. Social Security Disability Evaluation Process

To be considered "disabled" within the meaning of the Social Security Act, a claimant must show that she has an impairment or combination of impairments which prevent her from engaging in all substantial gainful activity for which she is qualified by her age, education, experience, and functional capacity, and which has lasted or could reasonably be expected to last for a continuous period of not less than twelve months. *See* 42 U.S.C. § 423. The Social Security Administration established a five-step sequential procedure to evaluate whether an individual is disabled for purposes of receiving benefits. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015) (outlining the questions asked in the five-step procedure). The burden rests with the claimant to make the necessary showings at each of the first four steps to prove disability. *Mascio*, 780 F.3d at 634–35. If the claimant fails to carry her burden, she is found not disabled. *Lewis v. Berryhill*, 858 F.3d 858, 861 (4th Cir. 2017). If the claimant is successful at each of the first four steps, the burden shifts to the Commissioner at step five. *Id*.

At the first step, the ALJ must determine whether the claimant has engaged in substantial gainful activity since her alleged disability onset date. §§ 404.1520(b), 416.920(b). At step two, the ALJ determines whether the claimant has an impairment or combination of impairments that

meet the regulations' severity and duration requirements. *Id.* §§ 404.1520(c), 416.920(c). At step three, the ALJ considers whether the severe impairment meets the criteria of an impairment listed in Appendix 1 of 20 C.F.R. part 404, subpart P (the "Listings") or is equal to a listed impairment. If so, the claimant is automatically eligible for benefits; if not, before moving on to step four, the ALJ assesses the claimant's residual functional capacity (RFC).[4] *Id.* §§ 404.1520(d), (e), 416.920(d), (e); *Lewis*, 858 F.3d at 861.

At step four, the ALJ determines whether, despite the severe impairment, the claimant retains the RFC to perform her past relevant work. 20 C.F.R. §§ 404.1520(e), (f), 416.920(e), (f). If the ALJ finds the claimant capable of performing her past relevant work, she is not disabled. *Id.* §§ 404.1520(f), 416.920(f). If the requirements to perform the claimant's past relevant work exceed her RFC, then the ALJ goes on to the final step.

At step five, the burden of proof shifts to the Social Security Administration to show that the claimant can perform other jobs existing in significant numbers in the national economy, considering the claimant's age, education, work experience, and RFC. *Id.* §§ 404.1520(g), 416.920(g); *Mascio*, 780 F.3d at 634–35. Typically, the Commissioner offers this evidence through the testimony of a vocational expert answering hypotheticals that incorporate the claimant's limitations. *Mascio*, 780 F.3d at 635. "If the Commissioner meets her burden, the ALJ finds the claimant not disabled and denies the application for benefits." *Id*.

### III.    ADMINISTRATIVE FINDINGS

The ALJ employed the statutorily-required five-step sequential evaluation process to determine whether Plaintiff was disabled from the alleged onset date of July 5, 2020. R.pp. 13–24. The ALJ found, in pertinent part:

---

[4] The RFC is "the most the claimant can still do despite physical and mental limitations that affect her ability to work." *Mascio*, 780 F.3d at 635 (internal quotation marks and citations omitted).

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2025.

2. The claimant has not engaged in substantial gainful activity since July 5, 2020, the alleged onset date (20 CFR 404.1571 et seq., and 416.971 et seq.). . . .

3. The claimant has the following severe impairments: depression, anxiety, and personality disorder, migraine headaches, obesity, and diabetes mellitus (20 CFR 404.1520(c) and 416.920(c)). . . .

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). . . .

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except occasionally climb ladders, ropes, or scaffolds; frequently climb ramps or stairs, stoop, crouch, kneel, or crawl; frequent use of moving machinery, and exposure to unprotected heights; work is limited to simple, routine, and repetitive tasks, performed in a work environment free of fast-paced production requirements, involving only simple, work-related decisions, and with few, if any, work place changes, capable of learning simple vocational tasks and completing them at an adequate pace with persistence in a vocational setting, the individual can perform these tasks for two hour blocks of time with normal rest breaks during an[] eight hour work day, with no interaction with the public and only occasional interaction with co-workers. . . .

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965). . . .

7. The claimant was . . . 30 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a). . . .

> 11. The claimant has not been under a disability, as defined in the Social Security Act, from July 5, 2020, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

R.pp. 13–24.

## IV.  DISCUSSION

Plaintiff brings one claim of error by the ALJ: that the ALJ's step-two finding that Plaintiff's interstitial cystitis (IC) is a non-severe impairment is not supported by substantial evidence. ECF No. 10 at 16–21. The Commissioner responds that Plaintiff failed to establish her disability, and the ALJ's step-two finding is supported by substantial evidence and sufficiently accounted for in the RFC determination. ECF No. 14 at 7–13. Upon review, the undersigned recommends that the ALJ's decision be affirmed, as it is supported by substantial evidence.

### A.  ALJ's Discussion of Plaintiff's Interstitial Cystitis

At step two of the sequential evaluation process, an ALJ must determine whether a claimant has a medically determinable impairment or a combination of impairments that is severe. 20 C.F.R. §§ 404.1520(c), 416.920(c). A "severe" impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." *Id.* §§ 404.1520(c), 416.920(c). "Basic work activities" are "the abilities and aptitudes necessary to do most jobs," examples of which include "physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling." *Id.* §§ 404.1522(b), 416.922(b). An ALJ must consider all of a claimant's medically determinable impairments, even those that are not severe, in the RFC assessment. *Id.* §§ 404.1545(a)(2), 416.945(a)(2). An inadequate analysis of impairments at step two may be rendered harmless if the ALJ later considers those impairments in subsequent steps. *See Jenkins v. Colvin*, No. 6:13-cv-02021-DCN, 2015 WL 1311694, at *4 (D.S.C. Mar. 24, 2015) ("Courts in this district have determined that an ALJ's failure to consider an impairment at step two is harmless when the ALJ considers the impairment in subsequent steps of its analysis." (collecting cases)).

Here, at step two of the five-step process to evaluate Plaintiff's disability, the ALJ noted Plaintiff's medically determinable impairments and acknowledged:

> The claimant has nonsevere medically determinable impairment of interstitial cystitis, which did not impose ongoing limitations on her ability to perform work related activities. The record shows the claimant reported a history of urinary issues with a prior diagnosis of interstitial cystitis based on her reported symptoms (*see* Exhibit 16F). Although she complained of some bladder issues at times (Exhibit 4F/1-5, 20), treatment notes indicate that she was negative for genitourinary issues on many other occasions (Exhibits 4F/7; 8F/16; 10F/18, 30; 13F/2).
>
> The claimant was referred for a urology evaluation in February 2022 for complaints of difficulty urinating and urge incontinence. Although she was diagnosed as having dysuria, overactive bladder, and urge urinary incontinence (Exhibit 10F/20-21), subsequent treatment notes show no ongoing complaints of these issues (Exhibits 10F/17; 13F/2). One year later, the claimant reported periodic stabbing pain in the urethral area, urinary leakage, and voiding multiple times during the day and night. She was assessed as having pelvic pain, overactive bladder, dysuria, and mixed stress and urge urinary incontinence. The claimant underwent surgical cystoscopy, hydrodistention, and urinary bladder biopsy, which showed mucosa and increased number of mast cells. She subsequently reported the procedure helped her pelvic pain, and she was prescribed medication for her pelvic pain and urinary frequency (Exhibits 16F; 17F/7).
>
> Although the claimant testified that she has regular urinary accidents and was using the restroom up to 25 times a day (Hearing Testimony), the medical evidence in the record does not support the severity of her claim. As noted above, the claimant did report some flares of bladder issues, but she often denied any ongoing urinary issues. Moreover, she testified that she has been experiencing this condition since childhood (Hearing Testimony) and she was able to work at substantial gainful activity despite her urinary issues. It appears from the record that the claimant experiences only intermittent flares of interstitial cystitis, and there is no evidence that this condition imposed ongoing and persistent limitations on her ability to perform work related activities over a period of 12 continuous months. Accordingly, I find it is a nonsevere medically determinable impairment.
>
> I considered all of the claimant's medically determinable impairments, including those that are not severe, when assessing the claimant's residual functional capacity.

R.p. 14. Additionally, in finding Plaintiff had the RFC to perform medium work with simple, routine, and repetitive tasks, in two-hour blocks of time with normal rest breaks during an eight hour work day, the ALJ noted that he "considered all symptoms and the extent to which these

symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." R.p. 17.

### B. Plaintiff's Contentions of Error

Plaintiff contends that "despite record evidence confirming these conditions [IC requiring excessive bathroom use, accidents, and pain] and consistent treatment for mental impairments, the ALJ found [Plaintiff's] IC to be non-severe." ECF No. 10 at 17. Plaintiff highlights that the ALJ "does not even cite [to SSR 15-1p], that directs that IC symptoms 'may vary in incidence, duration, and severity from person to person, and even in the same person.'" *Id.* at 18 (quoting *Titles II & Xvi: Evaluating Cases Involving Interstitial Cystitis (IC)*, SSR 15-1p, 2015 WL 1292257, at \*4 (S.S.A. Mar. 18, 2015)).[5]

Plaintiff points to evidence in the record that supports her symptoms and condition, *id.* at 18–19 (citing R.pp. 533–34, 544, 646, 810, 871, 874, 917), and suggests that the ALJ failed to articulate his reasoning with respect to his determination that her IC was non-severe. *Id.* at 20 (citing *Hammonds v. Astrue*, No. 1:09-cv-00041, 2010 WL 2133897, at \*3 (W.D. Va. May 27, 2010)). She also asserts that the ALJ improperly evaluated her testimony, contending "[i]t was inappropriate for the ALJ to advocate the claimant's IC was not severe because she first started experiencing symptoms in childhood[,] as SSR 15-1p further explains[,] 'It is not unusual for prodromal (early) predictive symptoms years or decades before they get IC.'" *Id.* at 20 (quoting SSR 15-1p, 2015 WL 1292257, at \*3).

---

[5] Social Security Rulings, or "SSRs," are "interpretations by the Social Security Administration of the Social Security Act." *Pass v. Chater*, 65 F.3d 1200, 1204 n.3 (4th Cir. 1995). They do not carry the force of law but are "binding on all components of the Social Security Administration," 20 C.F.R. § 402.35(b)(1), as well as on ALJs when they are adjudicating social security cases. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009).

Though Plaintiff concedes that an ALJ's failure to consider the severity of an impairment at step two may be harmless, she argues it is not harmless here, where the ALJ did not discuss or consider Plaintiff's IC throughout the sequential evaluation process. *Id.* at 19. She argues the ALJ's error causes harm because "the intermittent bouts of her IC would reasonably result in an additional reduction of production that in combination with her severe psychological impairments [] would result in being off task at least 15% of the time[,] precluding all available work in the national economy." *Id.* at 21.

### C. Substantial Evidence Supports the ALJ's Step Two Determination

Upon review, the undersigned finds no error. As an initial matter, the ALJ adequately explained his reasoning as part of his step-two analysis, and the undersigned is not left to guess why the ALJ determined that Plaintiff's IC was non-severe. *See Mascio*, 780 F.3d at 636–37 (noting remand may be appropriate when courts are left to guess at how the ALJ arrived at their conclusions and meaningful review is frustrated); *see also Robinson v. Colvin*, No. 4:13-CV-00823-DCN, 2014 WL 4954709, at *14 (D.S.C. Sep. 29, 2014) ("In his opinion, the ALJ thoroughly addressed his reasons for finding Plaintiff's depression to be non-severe[.]"). The mere diagnosis of a disorder does not compel an ALJ to find the disorder severe, nor does it preordain a disability finding. *See Sutton v. Saul*, No. 2:20-cv-00008, 2021 WL 1921391, at *11 (W.D. Va. May 13, 2021) (noting the "fact that a claimant received treatment is not sufficient to show a 'severe impairment,'" and "a mere diagnosis does not make an impairment 'severe'" either).

The ALJ noted Plaintiff's history of urinary issues, with a prior diagnosis of IC. R.p. 14 (citing R.pp. 871–83). Though the ALJ acknowledged occasional complaints of bladder issues in the record, the ALJ also observed instances in which Plaintiff did not indicate genitourinary issues. R.p. 14 (citing R.pp. 533–37, 539, 627 ("denies genitourinary problems"), 658, 670, 806). The

ALJ also noted that the cystoscopy and hydrodistention performed in March 2023 reportedly helped Plaintiff's pelvic pain. R.p. 14 (citing R.pp. 871–83, 890).

The ALJ rejected Plaintiff's testimony of the severity of her symptoms as inconsistent with the medical record and reasoned that though Plaintiff has had this ongoing disorder since childhood—as she testified to at the hearing—she did not previously have issues maintaining employment. R.p. 14 (citing R. pp. 59–61).

The ALJ's factual findings are supported by more than a mere scintilla of evidence. *See Biestek*, 587 U.S. at 103. Plaintiff's contention that the ALJ erroneously failed to account for Plaintiff's testimony that her symptoms have increased more recently, ECF No. 15 at 3–4 (citing R.p. 60), is without merit. The ALJ specifically found that Plaintiff's testimony was inconsistent with the medical record, pointing to evidence supporting both the lack of complaints throughout Plaintiff's alleged period of disability and further explaining his rationale for why he did not find Plaintiff's testimony credible.[6] R.p. 14. The undersigned is not left to guess why the ALJ arrived at this conclusion.

To the extent Plaintiff suggests the evidence she cites in her brief supports a finding that her impairment is severe, this Court may not overturn a decision that is supported by substantial evidence just because the record may contain conflicting evidence. *See Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) ("We must sustain the ALJ's decision, even if we disagree with it,

---

[6] Contrary to Plaintiff's contentions that the ALJ erroneously relied on "Review of Systems" notations alone, ECF No. 15 at 2–3, the ALJ pointed to various records and rationale supporting his reasoning. R.p. 14. Plaintiff argues that the records on which the ALJ relied also indicated negative symptoms of psychiatric/behavioral problems, but the ALJ nevertheless found severe impairments in *those* categories, making any such reliance on those records to find that Plaintiff's IC was non-severe erroneous. *See* ECF No. 15 at 2–3 (citing *Rutland v. Astrue*, No. C.A. 2:09-3263-RSC, 2010 WL 4226011, at *5 (D.S.C. Oct. 19, 2010); *Santana v. Astrue*, No. 12-cv-0815-BMC, 2013 WL 1232461, at *12–13 (E.D.N.Y. Mar. 26, 2013)). The undersigned finds this logic flawed.

10

provided the determination is supported by substantial evidence . . . [t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."). It is the job of the ALJ to weigh evidence and resolve any evidentiary conflicts, not this Court. *See Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) ("In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]." (citation omitted)); *Brown v. Colvin*, No. CV 5:15-0321-KDW, 2016 WL 4425139, at *6 (D.S.C. Aug. 22, 2016) ("Furthermore, even if the allegedly contradictory evidence Plaintiff highlights could support a different result, the court's role is not to second-guess the ALJ's findings."), *aff'd*, 675 F. App'x 336 (4th Cir. 2017). Ultimately, Plaintiff merely disagrees with the ALJ's conclusions, which is not a basis for remand.

### D. Any Error Was Harmless

Moreover, even if the ALJ erred in finding Plaintiff's IC non-severe at step two—which the undersigned finds he did not—any such error was harmless because the IC was considered by the ALJ in formulating the RFC. *See* R.pp. 17–23. It is abundantly clear from the ALJ's explanation that he did not find an RFC limitation was warranted based on Plaintiff's IC. At step two, the ALJ determined "[i]t appears from the record that the claimant experiences only intermittent flares of interstitial cystitis, and there is no evidence that this condition imposed ongoing and persistent limitations on her ability to perform work related activities over a period of 12 continuous months." R.p. 14. But this finding does not mean that the ALJ failed to consider the IC at subsequent steps of the evaluation process. "The plaintiff complains that the ALJ did not explain what limitations the [IC] caused. Apparently, the ALJ found none. . . . The ALJ specifically stated that he considered the combined effect of all of the plaintiff's impairments, both 'severe and

11

non-severe'[], and such consideration is sufficient." *See Platt v. Colvin*, No. CIV.A. 9:13-2435-BHH, 2014 WL 7192373, at *4 (D.S.C. Dec. 17, 2014) (internal citation omitted).

Indeed, the ALJ explicitly noted that he "considered all of the claimant's medically determinable impairments, including those that are not severe, when assessing the claimant's residual functional capacity." R. p. 14.[7] Thus, Plaintiff has not shown that remand is warranted. *See Singleton v. Astrue*, No. 9:08-1892-CMC-BM, 2009 WL 1942191, at *3 (D.S.C. July 2, 2009) ("Even were the court to agree that Plaintiff's depression should have been found 'severe' at step two, any error would be harmless because if Plaintiff makes a threshold showing of *any* 'severe' impairment, the ALJ continues with the sequential evaluation process and considers all impairments, *both severe and nonsevere*." (emphasis in original)); *Collier v. Colvin*, No. 9:13-cv-3323-DCN, 2015 WL 1519796, at *7 n.3 (D.S.C. Mar. 30, 2015) ("To the extent [claimant] argues that the ALJ erred in finding her [impairment] non-severe at step two, such an error is harmless because the ALJ considered the [impairment] in subsequent steps.").

Plaintiff's mere disagreement with the ALJ's determination when the ALJ's opinion is supported by substantial evidence is not a basis for remand. Because Plaintiff has shown no error warranting remand, the undersigned recommends that the ALJ's decision be affirmed.

---

[7] Plaintiff flags that the ALJ's consideration of Plaintiff's impairments relies on boilerplate language. ECF No. 15 at 4 (citing *Arant v. Colvin*, No. CV 2:14-1539-MGL-MGB, 2015 WL 5785544, at *2 (D.S.C. Sep. 29, 2015); *Caler v. Colvin*, No. 1:14-CV-1565-RBH, 2015 WL 1862794, at *8 (D.S.C. Apr. 23, 2015); *Lucas v. Astrue*, No. CA 5:10-2606-JMC-KDW, 2012 WL 265712, at *14 (D.S.C. Jan. 23, 2012), *report and recommendation adopted*, No. 5:10-CV-02606-JMC, 2012 WL 266480 (D.S.C. Jan. 30, 2012)). But such reliance is not erroneous "when the opinion [] read as a whole, [allows] the Court [] to take the ALJ at her or his word that he or she had properly analyzed the issue." *Arant*, 2015 WL 5785544, at *2. Here, the undersigned is satisfied through a reading of the ALJ's opinion that the ALJ considered the combined effect of Plaintiff's impairments, including her IC, in forming his RFC determination.

## **CONCLUSION**

It is **RECOMMENDED** that the decision of the Commissioner be **AFFIRMED**.

**The parties are referred to the Notice Page attached hereto.**

_____
Molly H. Cherry
United States Magistrate Judge

January 20, 2026
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).